IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DONA MATERA, )<br>         )<br>     Plaintiff,    )<br>         )<br>   vs.    )<br>         )<br>MICHAEL J. ASTRUE,    )<br>Commissioner of Social    )<br>Security,,    )<br>         )<br>     Defendant.    )<br>_____ ) | CIVIL NO. 07-00227 SPK-LEK |

REPORT OF SPECIAL MASTER ON PLAINTIFF'S
APPLICATION FOR AWARD OF ATTORNEYS' FEES

Before the Court is Plaintiff Dona Matera's ("Plaintiff") Application for Attorneys' Fees Under the Equal Access to Justice Act (hereinafter, "Motion"), filed on December 16, 2008. Plaintiff requests an award of $9,126.88[1] in attorneys' fees and $30.54 in costs. Defendant Michael J. Astrue, Commissioner of Social Security ("Defendant") filed his opposition to the Motion on December 23, 2008. Plaintiff filed her reply on January 7, 2009. In accord with Rule LR7.2(d) of the Local Rules of Practice of the United States District Court of the District of Hawai`i ("Local Rules"), the Court finds this matter suitable for disposition without a hearing. After reviewing the parties' submissions and the relevant case law, the Court FINDS AND RECOMMENDS that Plaintiff's Motion be GRANTED IN

---

[1] Plaintiff incorrectly calculates the amount of attorney fees billed as $9,282.42.

PART AND DENIED IN PART.  The Court recommends that the district judge award Plaintiff attorney's fees in the amount of $7,071.88.

## BACKGROUND

On April 28, 2003 and June 23, 2003, Plaintiff respectively applied for disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits under the Social Security Act.  The Social Security Administration ("SSA") denied Plaintiff's applications initially on September 2, 2003, and again upon reconsideration on January 29, 2004.  A hearing on the SSA's denials were held before the Administrative Law Judge ("ALJ"), after which a written decision was issued on October 21, 2005 affirming the SSA's denial.  Thereafter, Plaintiff appealed the ALJ's written decision to the Appeals Council.  The Appeals Council denied Plaintiff's appeal.

On April 30, 2007, Plaintiff filed the instant action pursuant to 42 U.S.C. section 405(g).  Plaintiff filed her motion for summary judgment on April 1, 2008.  After briefing by the parties, the district judge entered an order reversing the prior denial by the SSA and remanding the case for proper calculation of benefits to be awarded to Plaintiff.

In the instant Motion, Plaintiff argues that she is the prevailing party in this case and entitled to her reasonable attorneys' fees under the Equal Access to Justice Act ("EAJA"). Based on the district judge's findings set forth in his order,

the government was not "substantially justified" in denying Plaintiff's application for benefits. Plaintiff requests an award of attorneys' fees for $9,126.88, representing 1.95 hours at $165.00 per hour, 41.95 hours at $172.50 per hour, 10.15 hours at $125.00 per hour and 3 hours at $100.00 per hour. Plaintiff also requests costs in the amount of $30.54.

In his opposition, Defendant does not dispute that the government's position was not "substantially justified" or that Plaintiff is the prevailing party in this matter. Instead, Defendant argues that the fees requested by Plaintiff are not reasonable. Defendant contends that fees requested for work performed that was clerical in nature are inappropriate. Defendant further contends that the issues presented in the instant case were neither novel nor complex. Defendant notes that Plaintiff's counsel has over 35 years of experience representing social security disability claimants yet billed over 33 hours for briefing a routine case. Defendant argues that given the experience of Plaintiff's counsel, the amount of fees requested is excessive and unreasonable.

In her reply, Plaintiff disagrees that the requested fee amount is excessive. Plaintiff notes that much of the time Defendant complains is "clerical," represents work that could not or should not be delegated to a clerk. Plaintiff further disagrees that the case was "routine." Plaintiff contends that

Defendant's failure to "voluntarily" remand the case is evidence that the issues briefed were not "clear cut, common and routine."

## Discussion

**I.   Entitlement to Fees**

The EAJA, 28 U.S.C. § 2412, provides in pertinent part that:

> a court shall award to a prevailing party other than the United States fees and other expenses . . . . incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  Because the parties do not dispute that Plaintiff is a prevailing party or that the position of the United States was not substantially justified in opposing this action, the Court need only address the reasonableness of Plaintiff's requested amount.

**II.  Calculation of Award**

To determine reasonable attorney's fees, the appropriate hourly rates must be multiplied by the number of hours reasonably expended on the litigation.  See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (stating that in attorney's fee awards under 28 U.S.C. § 1988, "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied

by a reasonable hourly rate"); Atkins v. Apfel, 154 F.3d 986, 989 (9th Cir. 1998) (explicitly applying Hensley's fee calculation framework to the EAJA).

The Ninth Circuit has articulated the following relevant factors in the determination of a reasonable attorneys' fee:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975).  Factors one through five have been subsumed in the lodestar calculation.  See Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996).  Further, the Ninth Circuit, extending City of Burlington v. Dague, 505 U.S. 557, 567 (1992), held that the sixth factor, whether the fee is fixed or contingent may not be considered in the lodestar calculation.  See Davis v. City & County of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993).

Plaintiff requests the following lodestar amount for

work performed on this case and on the instant Motion:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Frederick Daley | 1.95[2] | $165[3] | $   321.75 |
| Frederick Daley | 12.55 | $172.50[4] | $ 2,164.88 |
| Kimberly Jones | 29.40 | $172.50 | $ 5,071.50 |
| Suzann Blaz | 10.15 | $125 | $ 1,268.75 |
| Ashley Lashaban | 3.00 | $100 | $   300.00 |
| | | TOTAL REQUESTED LODESTAR | $ 9,126.88 |

[Motion at 9-10, Exh. C.] Mr. Daley graduated from law school in 1973 and has practiced law continually since that time. [Id., Exh. D.] Ms. Jones graduated from law school in 2007 and has practiced at Mr. Daley's law firm since graduating. [Id.] Ms. Blaz graduated from law school in 2007 and is the Head Law Clerk/Paralegal at Mr. Daley's law firm.[5] [Id.] Ms. Lashaban works as a paralegal at Mr. Daley's law firm. [Motion at 6.]

**A.  Hourly rate**

In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the attorney requesting fees. See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002). Generally, the rate awarded should

---

[2] This time billing includes .5 hours attributed to work performed by an "HFREEMAN," who is not otherwise referenced in the Motion as an attorney that worked on this matter.

[3] Billing rate for 2006.

[4] Billing rate for 2007.

[5] Plaintiff's counsel does not state that Ms. Blaz is an attorney but indicates she is a law clerk. Also, neither the Motion nor the attached exhibits indicate that Ms. Blaz is an attorney.

reflect the prevailing market rates of attorneys practicing in the forum district.  See Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993).  Under the EAJA, fees are to be "based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour."  28 U.S.C. § 2412(d)(2)(A).  The statutory rate may be exceeded only where "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A).

In addition to their own statements, attorneys are required to submit additional evidence that the rate charged is reasonable.  See Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).  Plaintiff's counsel submits additional evidence indicating that the cost-of-living adjusted statutory rate concerning the lawsuit in question is $165 per hour for fees incurred in 2007, and $172.50 per hour for fees incurred in 2008.  [Motion at 6, Exhs. A (2007 Consumer Price Index) and B (statutory rate calculation).]  Defendant does not contest Plaintiff's calculation or the information submitted in support of such calculation.  Therefore, with respect to Mr. Daley, the

Court finds these rates to be reasonable.[6]

Ms. Jones, on the other hand, has only practiced law since 2007 and would have had limited experience during the period in which work was performed in this case.  Although Defendant does not contest the requested rate for Ms. Jones, the Court notes that in similar instances, it has awarded an hourly rate of $125 and therefore finds such rate to be reasonable in this case.

Plaintiff's counsel indicates that in addition to attorneys, he also utilized a law clerk and paralegal to assist him with this case.  The rates requested for Ms. Blaz and Ms. Lashaban are $125 per hour and $100 per hour, respectively.  Plaintiff states that the law clerk had a juris doctor degree throughout the period of her work on this case.  Plaintiff cites a number of cases wherein rates for law clerks were awarded at $100 per hour and for paralegals at $95 per hour.  Plaintiff also points to information on the government's website that indicates the rates for its law clerks at $120 per hour in 2007 and $125 per hour in 2008.  Defendant does not contest the rates requested for the law clerk and paralegal.  The Court notes, however, that in its recent cases, a rate of $85 per hour for law clerks and

---

[6] As indicated in note 2 above, the billing includes time of one-half hour for "HFREEMAN" who is not otherwise referenced or described in this Motion.  Without further information or substantiation, the Court cannot consider such time with respect to Plaintiff's fee request.

paralegals has been found reasonable and therefore finds such hourly rate to be reasonable in this case.

### B. Hours expended

Beyond establishing a reasonable hourly rate, a party seeking attorneys' fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained. See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted). A court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable. See Tirona, 821 F. Supp. at 637 (citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987)). A court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted). Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated. See Gates, 987 F.2d at 1399 (quoting Hensley, 461 U.S. at 433-34).

Defendant argues that Plaintiff's counsel has billed time for clerical tasks which are not recoverable. [Mem. in Opp. at 4-5.] Clerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate. See, e.g., Sheffer v. Experian Info. Solutions, Inc., 290 F. Supp. 2d

538, 549 (E.D. Pa. 2003). Plaintiff's counsel has included time spent on tasks such as efiling, printing and mailing. The Court finds that these tasks are clerical or ministerial in nature and deducts one hour from the time Ms. Jones spent on this case.

Defendant also argues that the fee request should be reduced because the amount requested is excessive and unreasonable in relation to the novelty or difficulty of the issues and the experience, reputation and abilities of Plaintiff's counsel. This Court disagrees. The record reflects that this case was vigorously contested by the government. The time billed for preparation of the case and briefing the summary judgment motion were neither excessive nor unreasonable. Moreover, the Court notes that it has already taken into account the experience, reputation and abilities of counsel in its findings regarding Plaintiff's counsel's reasonable hourly rates. Therefore, except for the one hour of time deducted from Ms. Jones' billing and the one-half hour of time attributed to "HFREEMAN", the Court finds that the remainder of time spent on this case is reasonable.

### C.   Total Lodestar Award

Based on the foregoing, this Court finds that Plaintiff has established the appropriateness of an award of attorneys' fees as follows:

| ATTORNEY         | HOURS | RATE | LODESTAR  |
|------------------|-------|------|-----------|
| Frederick Daley  | 1.45  | $165 | $ 239.25  |

|  |  |  |  |
|---|---|---|---|
| Frederick Daley | 12.55 | $172.50 | $ 2,164.88 |
| Kimberly Jones | 28.40 | $125 | $ 3,550.00 |
| Suzann Blaz | 10.15 | $85 | $   862.75 |
| Ashley Lashaban |  3.00 | $85 | $   255.00 |
|  |  | TOTAL LODESTAR | $ 7,071.88 |

**III. Costs**

Plaintiff also claims other expenses and costs associated with this litigation, as authorized under 28 U.S.C. § 24512(d)(1)(A) (authorizing an award of "expenses, in addition to any costs . . . "). Specifically, Plaintiff seeks costs in the amount of $30.54. However, Plaintiff fails to provide a description of the requested cost or any invoice or other document substantiating such cost. Therefore, the Court finds that Plaintiff is not entitled to costs.

## **CONCLUSION**

On the basis of the foregoing, the Court FINDS AND RECOMMENDS that Plaintiff's Motion be GRANTED IN PART AND DENIED IN PART. The Court recommends that the district judge award Plaintiff $7.071.88 in attorneys' fees.

IT IS SO FOUND AND RECOMMENDED.

11

DATED AT HONOLULU, HAWAII, September 3, 2009.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**DONA MATERA V. MICHAEL J. ASTRUE; CIVIL NO. 07-00227 SPK-LEK; REPORT OF SPECIAL MASTER ON PLAINTIFF'S APPLICATION FOR AWARD OF ATTORNEYS' FEES**