IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DONA MATERA, ) | CIVIL NO. 07-00227 SPK-LEK |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social ) | |
| Security,, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**REPORT OF SPECIAL MASTER ON PLAINTIFF'S
PETITION FOR ATTORNEY'S FEES PURSUANT TO § 206(B)(1)**

Before the Court is Plaintiff Dona Matera's ("Plaintiff") Petition for Attorney Fee [sic] Pursuant to § 206(b)(1) ("Motion"), filed on February 12, 2009. Plaintiff requests an award of $8,471.75 in attorneys' fees. Defendant Michael J. Astrue, Commissioner of Social Security ("Defendant") filed a response to the Motion ("Response") on March 11, 2009. Plaintiff did not file a reply. In accord with Rule LR7.2(d) of the Local Rules of Practice of the United States District Court of the District of Hawai`i ("Local Rules"), the Court finds this matter suitable for disposition without a hearing. After reviewing the parties' submissions and the relevant case law, the Court FINDS and RECOMMENDS that Plaintiff's Motion be GRANTED. The Court recommends Plaintiff be awarded attorney's fees in the amount of $8,471.75, to be offset by the award of attorneys' fees

previously awarded under the Equal Access to Justice Act ("EAJA").[1]

## BACKGROUND

On April 28, 2003 and June 23, 2003, Plaintiff respectively applied for disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits under the Social Security Act.  The Social Security Administration ("SSA") denied Plaintiff's applications initially on September 2, 2003, and again upon reconsideration on January 29, 2004.  Thereafter, Plaintiff's applications were denied on all levels and an unfavorable decision was issued in October 2005.

Plaintiff, through counsel, appealed the decision on April 30, 2007.  After briefing by the parties, the district judge entered an order reversing the prior denial and remanding the case for proper calculation of benefits to be awarded to Plaintiff.  On remand, the SSA ruled that Plaintiff was entitled to total past-due DIB and SSI benefits of $34,967.00.  The SSA withheld $8,741.75 from the past-due benefits, representing the potential attorney's fees.

Plaintiff now seeks an award of attorney's fees of

---

[1] This Court, on September 4, 2009, previously issued its Report of Special Master on Plaintiff's Application for Award of Attorneys' Fees recommending that the district judge award Plaintiff $7.071.88 in attorneys' fees pursuant to the EAJA.  The district judge issued its Order Adopting Report of Special Master, on October 2, 2009, confirming that an award of $7,071.88 was appropriate.

twenty-five percent of the past-due benefits.  Plaintiff requests $8,741.75.  Plaintiff's counsel and staff expended 55.75 hours in connection with the case.  [Motion, Attached Exh.]  The contract between Plaintiff and Plaintiff's counsel expressly provided for a contingency fee of twenty-five percent of any past-due benefits.  [Id. (fee agreement).]

Plaintiff's counsel argues that the fee request is reasonable because he achieved an excellent result.  [Motion at 3.]  Counsel also notes that Plaintiff's lifetime benefits will be over $113,000.00.  He therefore argues that the results are "extraordinary" and justify a contingency fee.  [Id. at 5.]  Counsel points out that the requested fee is approximately 8% of the lifetime award.  [Id.]

Defendant states that, because he is not a party to the contingency fee agreement between Plaintiff and Plaintiff's counsel and the fees will be deducted from the past-due benefits, he may not enter into a stipulation regarding the § 406(b) fee request.  Thus, Defendant takes no position on the reasonableness of the requested fee. [Response at 3.]  Defendant notes, however, that the Court should consider the character of representation and results achieved in making its determination. [Id. at 2.]  Defendant further notes that Plaintiff's request for fees amounts to a de facto hourly rate of $156.80 ($8,741.75 divided by 55.75 hours).  [Id. at 4.]

3

**DISCUSSION**

I.  **Entitlement to Attorneys' Fees**

Plaintiff seeks an award of fees pursuant to 42 U.S.C. § 406(b), which provides in pertinent part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A).

The district judge reversed the Commissioner's denial of Plaintiff's applications for benefits and remanded the instant case to the SSA for proper calculation of benefits. The remand was favorable to Plaintiff and the SSA awarded Plaintiff past-due benefits. This Court may therefore allow a reasonable attorney's fee, not to exceed twenty-five percent of total award of past-due benefits.

II.  **Calculation of Award**

Under federal law, reasonable attorney's fees are usually based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000). Where counsel seeks attorney's fees under § 406(b), however, the lodestar analysis does not apply. See Gisbrecht v. Barnhart, 535

U.S. 789 (2002) (reversing Ninth Circuit decision resting on lodestar calculation).  In <u>Gisbrecht</u>, the United States Supreme Court noted that, unlike the type of cases where the lodestar method applies, § 406(b) does not authorize fee shifting to the losing party.  Instead, § 406(b) authorizes the payment of fees from the successful party's recovery.  <u>See</u> <u>id.</u> at 802.  Further, "nothing in the text or history of § 406(b) reveals a desig[n] to prohibit or discourage attorneys and claimants from entering into contingent fee agreements."  <u>Id.</u> at 805 (citation and quotation marks omitted) (alteration in original).  Section 406(a) expressly authorizes contingent fee agreements governing representation at agency proceedings.  <u>See</u> <u>id.</u> at 805-06.

> Thus, the Supreme Court concluded that § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court.  Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.  Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.  Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

<u>Id.</u> at 807 (citation and footnotes omitted).

In the present case, Plaintiff agreed to pay counsel twenty-five percent any past-due benefits awarded.  [Motion, Attached Exh.]  After remand, the SSA awarded Plaintiff a total

of $34,967.00 in past-due benefits.  Plaintiff's counsel seeks twenty-five percent of this amount, or $8,741.75.  This Court's task is to review the fees yielded by the contingency fee agreement to determine whether they are reasonable.  See Gisbrecht, 535 U.S. at 809.

In testing the contingency fee for reasonableness, courts have "appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved."  See id. at 808 (citations omitted).  A court should reduce the fee if the attorney delayed the case, which increased the amount of past-due benefits.  See id.  A court should also reduce the fee "[i]f the benefits are large in comparison to the amount of time counsel spent on the case[.]"  Id. (citing Rodriquez v. Bowen, 865 F.2d 739, 747 (6th Cir. 1989) (en banc) (reviewing court should disallow "windfalls for lawyers")).  A court may also require the attorney to submit a record of the number of hours spent on the case and a statement of the attorney's normal hourly rate in non-contingency fee cases.  See id.

Plaintiff's counsel requests $8,741.75 for 57.05 hours spent on this case.[2]  [Motion at 2.]  Defendant notes that this

---

[2] The amount requested by Plaintiff in the Motion is 55.75 hours but the amount reflected in the billing statement is 57.05.  The Court will use the amount as indicated in the billing statement.  Therefore, the de facto hourly rate as calculated by Defendant should be $153.23 ($8,741.75 divided by 57.05 hours).

represents a de facto hourly rate of $153.23.  [Response at 5.] Plaintiff's counsel has not provided information about their normal hourly rates for non-contingency fee cases.  The Court will therefore determine the reasonableness of the contingency fee based on Defendant's calculation of the de facto hourly rate and upon the Court's knowledge of the prevailing rates in the community for similar services performed by attorneys of comparable experience, skill and reputation.

The Court notes that the majority of the work before the district court was performed by Frederick Daley, Kimberly Jones and Heather Freeman, who, according to their resumes are all licensed attorneys.  Work was also performed by Suzanne Blaz, a paralegal according to her resume, and a person referenced on the billing invoice as "ALABASAN."  The Motion or other papers submitted by Plaintiff do not otherwise identify that person and the Court will therefore consider such person as a paralegal.  The hours spent on this case were:

| NAME | POSITION | HOURS |
|---|---|---|
| Frederick Daley | attorney | 14.00 |
| Heather Freeman | attorney | 0.50 |
| Kimberly Jones | attorney | 29.40 |
| Suzanne Blaz | paralegal | 10.15 |
| ALABASAN | paralegal | 3.00 |
| | TOTAL: | **57.05** |

The years of practice by Mr. Daley, Ms. Freeman and Ms. Jones are thirty-six years, five years and two years, respectively.

The de facto hourly rate of $153.23 for attorneys of

Mr. Daley's, Ms. Freeman's and Ms. Jones' experience is reasonable in a non-contingency fee case, and is also reasonable in a contingency fee case.  The defacto hourly rate of $153.23 for a law clerk or a paralegal is about one and one-half to two times the reasonable rates for law clerks and paralegals in non-contingency fee cases.  In determining reasonable rates in contingency fee cases, however, "the Court attempts to find a balance between the hourly rate of attorney's fees in non-contingent litigation and the reality of contingent fee litigation such as this, wherein plaintiff's counsel takes a chance plaintiff will prevail, and often, when plaintiff does not prevail, receives no compensation at all." Grunseich v. Barnhart, 439 F. Supp. 2d 1032, 1034 (C.D. Cal. 2006) (citing Rodriquez, 865 F.2d at 746; Wells v. Sullivan, 907 F.2d 367, 371-72 (2d Cir. 1990) ("[M]any attorneys are unwilling to accept the risk of nonpayment without a guaranteed contingency percentage of the recovery.")).  In light of the uncertainty inherent in this type of case and the fact that there was no contingency basis adjustment in the rates of the attorneys, the Court finds that an average hourly rate of $153.23 for the paralegals that worked on this case is reasonable and does not represent a windfall to Plaintiff's counsel.

   This Court finds that counsel's contingency fee is reasonable for purposes of § 406(b).  The Court therefore finds

that an award of $8,741.75 is reasonable.  This amount must be offset by the prior attorney's fee award in this case of $7,071.88 under the EAJA.

## CONCLUSION

On the basis of the foregoing, the Court FINDS and RECOMMENDS that Plaintiff's Motion be GRANTED.  Plaintiff's counsel is entitled to § 406(b) attorney's fees in the gross amount of $8,741.75, to be paid out of the sums withheld by the SSA.  Counsel shall reimburse Plaintiff in the amount of $7,071.88, that was previously paid by Defendant under the EAJA award.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 24, 2009.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**DONA MATERA V. MICHAEL J. ASTRUE, ETC.; CIVIL NO 07-00277 SPK-LE; REPORT OF SPECIAL MASTER ON PLAINTIFF'S PETITION FOR ATTORNEY'S FEES PURSUANT TO § 206 (B)(1)**